NicholsoN, C. J.,
delivered the opinion of the Court.
Semmes sued Tomeney on two notes — one for $2,500 and the other for $750. The declaration contained two counts — one on the $2,500 note and the other on the $750 note. Defendant put in the plea of nil debit.
Before the trial, Tomeney filed his bill, and procured an injunction as to the further prosecution of the suit on the $2,500 note. When the trial came on, Semmes produced the evidence that the suit was enjoined • as to the $2,500. Thereupon the Court retained the cause as to that note, but proceeded to empannel a jury as to the $750 note, who rendered a verdict for Semmes, on which judgment was rendered.
Tomeney made no motion for new trial or in arrest of judgment, but appealed to this Court.
It is insisted for Tomeney, that it was error in the Court below to proceed to trial on the count for the $750 note, and to retain the cause as to the count for the $2,500 note, -to await the action of the Chancery Court. The case of Huchins v. Lewis, 7 Hum., 236, is relied to sustain the objection to the proceeding below. In that a plaintiff had brought a joint action against several defendants, but went to . trial and took judgment as to one only, taking no step as to the other defendants. This Court held that the plaintiff could not split up his cause of action, so as to have one part of the cause in the Supreme Court on appeal, and the balance in the Circuit Court, and for this reason reversed the judgment and re *564 manded tbe cause for a new trial. But, however correctly that case was decided, upon the doctrine that a judgment is an entire thing, it can not furnish a precedent for the present case. Here the plaintiff brings his suit on two notes against the same defendant, in order to avoid splitting up his cause of action. But the defendant applies to a Chancellor and obtains an order which forbids the plaintiff to proceed on the $2,500 note, but makes no objection to his proceeding -on the $750 note. It is not a case in which the plaintiff has split his cause of action voluntarily, but by order of the Chancellor, on the application of defendant. The reason for the rule has no application to this case. To say that it was error to proceed to judgment on the $750 note, would be to allow the defendant to avail himself of his own act, when by that act he waived, by implication, any objection to the prosecution of the case as to the second count of the declaration on the $750 note. The record shows no objection taken by defendant at the trial, and no motion in arrest of judgment or for a new trial. The justice of the case requires the judgment to be affirmed.